BEHRENS v. BROWN.

(Supreme Court, Appellate Term.　January 21, 1910.)

NEW TRIAL (§ 74*)—VERDICT CONTRARY TO EVIDENCE—AMOUNT OF RECOVERY.

Where, under the evidence, it appears that the amount of the verdict was purely speculative, it will be set aside.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 150; Dec. Dig. § 74.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Frederick G. Behrens against George Brown. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Charles Stein, for appellant.

Robert L. Turk, for respondent.

PER CURIAM. Action to recover $495 for building stone sold and delivered. Answer, general denial. Pleadings verified. Tried before court and jury. Verdict for plaintiff, $182.

The record shows that there was upon plaintiff's lot a quantity of stone. The Hawthorne Building Company had a contract with the Central Fireproof Door & Sash Company, to construct a building not far from plaintiff's lot. The Hawthorne Building Company made a written contract with O. B. Byrd to furnish all the building stone for the job at the price of $50. Byrd got his money therefor. To sustain his case plaintiff's daughter testified that she went to defendant and complained that stone was being taken from her father's lot and used in the said building, and defendant replied that he admitted his liability therefor. Defendant concedes the conversation, but says he told the young lady that if Byrd had used any of the stone he (Brown) would compel Byrd to pay for it. Byrd testified that he did not use any of plaintiff's stone. Plaintiff said he had no talk with defendant; that probably in the neighborhood of 300 or 400 cubic yards of stone was taken from his premises. There is nothing in the testimony from which an approximately accurate measurement of the stone taken from this lot can be fairly estimated, so that, assuming the unreliability of Byrd's testimony that he took none of the stone in question, and assuming defendant's promise to pay, yet the amount reached by the jury was purely speculative. On this ground alone the verdict should be set aside.

There remains another question, to wit, the liability of defendant in any event. He was president of the Hawthorne Company, and according to his examination in supplementary proceedings, put in evidence by plaintiff, he did not hold any shares of its capital stock. This being uncontradicted, is it probable that he would obligate himself personally for material used under a contract in which he had no interest?

It would seem on the whole case that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.